**Electronically Filed
Intermediate Court of Appeals
CAAP-13-0004535
22-JAN-2015
08:41 AM**

NO. CAAP-13-0004535

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

IN THE MATTER OF THE METCALFE
TRUST DATED FEBRUARY 19, 1992

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(TRUST NO. 10-1-0004(2))

SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, Leonard and Ginoza, JJ.)

Respondent-Appellant Chad T. Metcalfe (**Metcalfe**), the former trustee of the [Jerome E.] Metcalfe Trust dated February 19, 1992, as amended (**Trust**), appeals from the September 26, 2013 Judgment (**Judgment**) entered by the Circuit Court of the Second Circuit (**Circuit Court**).[1]

Metcalfe raises three points of error on appeal, contending that the Circuit Court erred: (1) when it denied Metcalfe's February 15, 2013 motion to vacate arbitration award, which motion asserted that the arbitrator exceeded his powers in entering the award; (2) when it denied Metcalfe's March 28, 2013 petition for order to prohibit further trust account distributions, in conjunction with its denial of Metcalfe's motion to vacate; and (3) when it entered its September 26, 2013 order granting Petitioner/Trustee-Appellee Tonia M. Finbraaten's

---

[1] The Honorable Peter T. Cahill presiding.

(**Finbraaten's**) motion to confirm arbitration decisions and award and for entry of final judgment.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Metcalfe's points of error as follows:

It is undisputed that, after roughly nine months of litigation in the proceedings below, on or about January 10, 2012, Metcalfe, Finbraaten, and other family members, entered into an Agreement to Arbitrate, which stated, *inter alia*:

> All issues, claims, disputes, and/or matters pertaining to the Trust and Decedent's estate, including, but not limited to: Chad Metcalfe's previous administration of the Trust; the potential surcharge of Chad Metcalfe; the transfer and operation of the Ale House Restaurant; the amounts to be distributed to beneficiaries; issues and claims that remain pending in the Trust Lawsuit; and/or other issues pertaining to the Trust and/or Decedent's estate, shall be submitted to binding arbitration under the procedures and terms and conditions set forth under this Agreement.

Metcalfe's argument that, pursuant to Hawaii Revised Statutes (**HRS**) § 65A-23(a)(4), the arbitration award should have been vacated because the arbitrator exceeded his powers in entering the award is without merit. The decisions and awards entered by the arbitrator fall squarely within the broad scope of the parties' Agreement to Arbitrate. The arbitrator did not manifestly disregard the Trust document and we decline to review whether, in entering decisions and awards, the arbitrator misinterpreted the Trust document and/or misapplied its terms. See Daiichi Hawai'i Real Estate Corp. v. Lichter, 103 Hawai'i 325, 336, 82 P.3d 411, 422 (2004) ("[W]here the parties agree to arbitrate, they thereby assume all the hazards of the arbitration process, including the risk that the arbitrators may make mistakes in the application of law and in their findings of fact.") (citations, internal quotation marks, and brackets omitted; format altered).

Metcalfe's argument that the Agreement to Arbitrate is unconscionable was not raised at any point in the proceedings below and, upon review, we decline to consider it for the first

time on appeal.  See HRS § 641-2 (Supp. 2013); see also, e.g., Ass'n of Apt. Owners of Wailea Elua v. Wailea Resort Co., 100 Hawai'i 97, 108, 58 P.3d 608, 619 (2002) ("Legal issues not raised in the trial court are ordinarily deemed waived on appeal.") (citations omitted).

Metcalfe's contention that the Circuit Court erred in denying his motion to prohibit further distributions from the Trust is dependent on his arguments concerning the confirmation of the arbitration award and, therefore, does not warrant relief.

For these reasons, the Circuit Court's Septemer 26, 2013 Judgment is affirmed.

DATED: Honolulu, Hawai'i, January 22, 2015.

On the briefs:

Chad T. Metcalfe
Respondent-Appellant Pro Se

Matthew V. Pietsch
for Petitioner/Trustee-Appellee
Tonia M. Finbraaten

Chief Judge

Associate Judge

Associate Judge